Adam R. Bialek (AB 6268)
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
3 Gannett Drive
White Plains, NY 10604-3407
Telephone: 914-323-7000
Facsimile: 914-323-7001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLOBAL ALLIANCE GROUP, LLC

    Plaintiff,

v.

THOMAS LAM a/k/a LAN HOI KONG, d/b/a
SUPERWAY INTERNATIONAL, LTD., and John
Does 1-4 being the holders of certain AOL email
accounts

    Defendants.

---

JUDGE KARAS

08 CV 0500

Civil Action No.:

**COMPLAINT**

FILED
2008 JAN 18 PM 1:51
U.S. DISTRICT COURT
S.D. OF N.Y.

The Plaintiff, GLOBAL ALLIANCE GROUP, LLC (hereinafter referred to as "Global"), by way of Complaint against the Defendants, THOMAS LAM a/k/a LAN HOI KONG and (hereinafter referred to as "Lam"), d/b/a SUPERWAY INTERNATIONAL, LTD (hereinafter referred to as "Superway") and John Does 1 – 4, being the holders of certain AOL email accounts, alleges and says as follows:

### PARTIES

1.    Global Alliance Group, LLC is and was, at all times relevant to this action, a New York corporation engaged in the business of marketing toys to retailers and maintained its principal place of business at 11 Millbury Street, Suffern, NY 10901.

1851267.1

2.  On information and belief, the Defendant, Lam, at all time relevant to this action, was a domiciliary of Hong Kong engaged in the business of marketing toys to retailers and doing business as Superway International, Ltd. maintaining its principal place of business at Unit 2115, 21/F North Tower, Concordia Plaza, 1 Science Museum Road, Tsimshatsui E, Kowloon, Hong Kong.

3.  John Does 1 – 4 are the holders of the email accounts: newstoyindustry@aol.com, toyindustry1@aol.com, marketnews2@aol.com and safetyalertus@aol.com. AOL LLC is an internet service provider with headquarters in Dulles, Virginia.

## JURISDICTION AND VENUE

4.  Plaintiff, Global, is a corporation under the laws of the State of New York with a principal place of business in the State of New York and defendant, Lam is a resident of Hong Kong with a principle place of business in Hong Kong. On information and belief, Defendant Lam transacts business with retailers in New York. On information and belief, the offending emails were directed to individuals in New York for the purpose of injuring plaintiff's reputation in New York, and for the purpose of unfairly competing with the plaintiff.

5.  The amount in controversy exceeds the Court's minimal jurisdictional amount in controversy.

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332. and 15 USC § 1051 et seq.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.  Defendant Lam is a competitor of the plaintiff.

1851267.1

8. Upon information and belief, defendant Lam has demonstrated an intent to destroy the reputation of Plaintiff and Plaintiff's client, Toy World Group Companies Ltd. of Hong Kong ("TWG").

9. On or about November 1, 2007, emails from newstoyindustry@aol.com and toyindustry1@aol.com were distributed to toy industry professionals who had been doing business with Plaintiff.

10. The aforementioned emails set forth that Plaintiff, certain officers of the company, and TWG were intentionally selling toys tainted with lead and that they could not be trusted. The emails also asserted that Toys "R" Us was no longer doing business with Plaintiff.

11. These allegations set forth in paragraph 10 were false.

12. On or about December 22, 2007, anonymous emails from marketnews2@aol.com and safetyalertus@aol.com were distributed to toy industry professionals who had been doing business with Plaintiff.

13. The aforementioned emails set forth that Global's supplier, TWG, was intentionally selling toys tainted with lead to make profits, regardless of the safety hazard for children.

14. These allegations set out in paragraph 13 were false.

15. On November 27, 2007, Plaintiff sent a cease and desist letter to newstoyindustry@aol.com and Toyindustry1@aol.com, demanding that said action stop. To date, no response has been received.

16. On January 3, 2008, Plaintiff sent a cease and desist letter to Marketnews2@aol.com and safetyalertus@aol.com, demanding that said action stop. To date, no response has been received.

## FIRST CAUSE OF ACTION FOR
## DEFAMATION

17. Global repeats and realleges all of the allegations set forth in paragraphs 1 through 16 of this Complaint as if set forth herein.

18. Defendants have defamed Global by intentionally publishing statements damaging to Global's business reputation for the purpose of disrupting Global's business relations, including the following:

   a. "...the integrity of Mr. and Ms. Halitzer is in question."

   b. "all future purchase orders to Toy World have been cancelled and there is no plan of purchasing from Toy World again."

   c. "...Toy World Group is mixing qualified and unqualified goods in their shipments to try to stay away from getting caught and to make more profit."

19. Defendants distributed emails to plaintiff's customers impugning the basic integrity of plaintiffs.

20. Defendants knew when they published the emails that the information was untrue.

21. The email communications were deliberately calculated to prevent or discourage others from dealing with plaintiff or its suppliers or to otherwise interfere with plaintiff's relations with others to plaintiff's detriment.

22. The email communications did cause damages to plaintiff that is continuing and is in an amount in excess of jurisdictional limits which will be determined at trial.

## SECOND CAUSE OF ACTION FOR UNFAIR COMPETITION

23. Global repeats and realleges all of the allegations set forth in paragraphs 1 through 22 of this Complaint as if set forth herein.

24. Defendants have caused email messages to be published to plaintiff's customers in a calculated campaign to disparage plaintiff with false allegations.

25. Defendants knew the statements being made were false and made them anyway.

26. Defendants used the trade name of the Plaintiffs in a libelous manner.

27. Defendants undertook such acts to convince customers of Plaintiff not to do business with Plaintiff.

28. Defendants' actions constitute unfair competition and false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); false designation of origin, false descriptions and dilution in violation of 15 USC § 1125 et seq.

29. As a result of said actions, Plaintiff has suffered damages to its reputation and business.

30. Plaintiff is entitled to compensatory damages. punitive damages and injunctive relief.

31. Plaintiff hereby demands a jury trial on all issues triable to a jury.

**WHEREFORE**, Global respectfully requests that this court enter judgment in its favor and against Defendants on the First and Second Causes of Action pleaded herein in the sum in excess of jurisdictional limits in compensatory damages, together with interest, the costs and disbursements of this action, including reasonable attorney's fees; and such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
       January 11, 2008

                                      Yours, etc.,

                    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

1851267.1

By: _____
Adam R. Bialek, Esq. (AB 6268)
Attorney for Plaintiff Global Alliance Group, LLC
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
File No: 10746.00001

1851267.1